UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN USHER,

        Petitioner,                      Case No. 2:14-cv-163

v.                                           Honorable R. Allan Edgar

THOMAS MACKIE,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On August 25, 2014, the Magistrate Judge issued a report and recommendation to dismiss the petition because it is barred by the one-year statute of limitations. Because the Magistrate Judge found the petition to be time-barred, he also recommended that Petitioner's motion for stay and abeyance be denied as moot. In response to the Report and Recommendation, Petitioner filed a motion to amend his petition under FED. R. CIV. P. 15(a) (docket #16), along with the following exhibits: Proposed Motion Requesting Leave to Amend (Exhibit A, docket #16-1), Proposed Motion for Equitable Tolling to Allow Petitioner's Petition to Proceed Timely (Exhibit B, docket #16-2), Proposed Brief in Support (Exhibit C, docket #16-3), Proposed Motion for Appointment of Counsel (Exhibit D, docket #16-4), Proposed Verification of Affidavit (Exhibit E, docket #16-5), Proposed Notice of Hearing (Exhibit F, docket #16-6), Proposed Affidavit of Jonathan Maurice Usher (Exhibit G, docket #16-7) and Proposed Probation Violation Hearing Transcripts (Exhibit H, docket #16-8).

As set forth below, the Court will grant Petitioner's motion to amend to the extent he seeks to assert claims of actual innocence and equitable tolling with regard to the statute of limitations. In light of the new argument and information provided in Petitioner's motions and supporting affidavit, the Court will grant Plaintiff's motion for equitable tolling of the statute of limitations and consider the petition timely filed. Consequently, the report and recommendation to dismiss the petition as time-barred will be rejected. The Court also will grant Petitioner's motion for a stay of the proceedings pending exhaustion of his state court remedies. Because this action will be administratively closed while Petitioner pursues his claims in the state courts, his motion for appointment of counsel will be denied as moot.

**Factual Background**

Petitioner is incarcerated in the Baraga Maximum Correctional Facility. On September 24, 2010, Petitioner pleaded guilty in the Wayne County Circuit Court to fleeing a police officer, Third-degree, MICH. COMP. LAWS § 257.602a(3)(a). The trial court imposed a suspended sentence of one to five years and three years of probation with the first three months to be served in the county jail. Petitioner later was charged and found guilty of violating his probation. The trial court revoked his probation and resentenced Petitioner on November 15, 2011, to imprisonment of one to five years. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on July 2, 2012, and December 26, 2012, respectively. Petitioner now raises the following grounds for habeas corpus relief:

   I.   WHERE THE PROSECUTOR FAILED TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT MR. USHER VIOLATED VARIOUS TERMS OF HIS PROBATION, HIS CONVICTION VIOLATES HIS STATE AND FEDERAL DUE PROCESS.

    II.    DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF BOTH TRIAL COUNSEL AND APPELLATE COUNSEL FOR FAILING TO ENGAGE IN MINIMUM INVESTIGATION TO PRODUCE EVIDENCE THAT DEFENDANT HAD OR WAS IN THE PROCESS OF FULFILLING OBLIGATIONS OF PROBATION.

(Pet., docket #1, Page ID#5.) Petitioner filed the instant petition on or about July 28, 2014. Petitioner also moves for the Court to hold his petition in abeyance while he files a motion for relief from judgment in the Wayne County Circuit in order to raise claims of newly discovered evidence. (Mot. to Hold Habeas Petition in Abeyance, docket #7, Page ID#58).

**Discussion**

    A.    Motion to Amend

Petitioner seeks to amend his petition in order to raise claims of actual innocence and equitable tolling of the statute of limitations. Under Fed. R. Civ. P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. A responsive pleading has not yet been filed in this case. Consequently, Petitioner's motion to amend will be granted.

    B.    Equitable Tolling

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260. The Sixth Circuit repeatedly has cautioned that

equitable tolling should be applied "sparingly" by this Court. *See, e.g., Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). But the Supreme Court has also instructed us not to be rigid in our application of these principles and to consider each claim for equitable tolling on a case-by-case basis. *Holland*, 560 U.S. at 650. "The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Id*. (internal quotation marks and ellipsis omitted).

In this case, Petitioner filed his habeas action approximately four months after the one-year limitations period expired. Petitioner claims that he "missed the deadline because he is not mentally capable of reading and understanding criminal law, he has no GED, he has been housed in segregation, and he had to in fact have the Michigan Legal Writer's Program prepare all of his legal documents." (Proposed Mot. for Equitable Tolling, Exhibit B, docket #16-2, Page ID#119.) In support of his motion for equitable tolling, Petitioner filed a thirteen-page affidavit in which he provides a detailed account of the efforts he made to timely file his petition. (*See* Proposed Affidavit of Jonathan Maurice Usher (Usher Aff.), Exhibit G, docket #16-7.) According to his affidavit, Petitioner first contacted the Prison Legal Writer Program immediately after he received the decision from the Michigan Supreme Court denying his application for leave to appeal. Petitioner made repeated contacts with the legal writer, who initially told Plaintiff that he had to wait until closer to his filing deadline to get assistance with his habeas petition. When the legal writer finally reviewed Petitioner's case, he informed Petitioner that he could not draft the petition until Petitioner obtained additional documents from his appellate attorney. Petitioner then made numerous attempts to obtain the requested documents from his appellate attorney. When Petitioner finally received his draft

pleadings from the legal writer, they were incomplete and contained inaccurate information, which resulted in additional delays. Petitioner ultimately filed a grievance concerning the legal writer's failure to complete his pleadings in a timely manner. In addition to these delays, Petitioner was transferred numerous times in and out of segregation and several different facilities, which resulted in significant periods of time that he did not have access to his legal materials.

This case presents similar facts to those in *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), where the Sixth Circuit held that the combination of ignorance, *pro se* status, limited literacy, and a series of transfers during which the petitioner had no access to legal materials was sufficient to warrant equitable tolling for a 3-month period. As the Sixth Circuit observed in *Jones*, "Although any one of the above factors may not constitute "extraordinary circumstances" alone, the combination of all of these factors justifies applying equitable tolling to [the petitioner's] claims." *Jones*, 689 F.3d at 627-28. Like *Jones*, Petitioner has limited literacy, which makes him dependant on the Prison Legal Writer Program. Petitioner also was subject to numerous transfers during which time Petitioner had no access to legal materials. The Court finds that the combination of barriers faced by Petitioner in this case rose to the level of "extraordinary circumstances" for purposes of equitable tolling. The 4-month period of equitable tolling in this case also is comparable to the 3-month period of equitable tolling granted in *Jones*. Furthermore, Petitioner has met his burden of demonstrating that he was not sleeping on his rights and was diligent in pursuing his case. Consequently, the Court will grant Petitioner's motion for equitable tolling and consider his action timely filed.[1]

---

[1]Because the Court finds that Petitioner is entitled to equitable tolling, it need not consider whether Petitioner may proceed under the manifest injustice exception because he is actually innocent.

      C.      <u>Exhaustion & Stay</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's first ground for habeas relief was properly exhausted as it was raised on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court. However, Petitioner's second ground for relief was raised for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not

comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. Consequently, Petitioner's second ground for habeas relief is unexhausted. In addition, Petitioner seeks a stay of these proceedings so that he can raise new, unexhausted claims in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the

circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] In the instant case, the statute of

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

limitations has expired, so Petitioner clearly would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, any subsequent habeas action filed by Petitioner challenging the instant conviction would be time-barred. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* The Court finds that Petitioner has made sufficient allegations to satisfy these requirements. Accordingly, Petitioner's motion for a stay of the proceedings will be granted. Petitioner will be required to comply with the terms of the stay as set forth in the Court's order.

    D.    <u>Motion for Appointment of Counsel</u>

Petitioner also moves for a court-appointed attorney. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488

(1969); *Barker v. Ohio*, 330 F.2d 594, 594-95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2254 CASES. Because this action will be administratively closed while Petitioner pursues his claims in the state courts, his motion for appointment of counsel will be denied as moot. The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant it.

### Conclusion

In light of the foregoing, the Court will grant Petitioner's motion to amend to the extent that he seeks to assert claims of actual innocence and equitable tolling with regard to the statute of limitations. In addition, the Court will grant Plaintiff's motion for equitable tolling of the statute of limitations and consider the petition timely filed. Consequently, the report and recommendation to dismiss the petition as time-barred will be rejected. The Court also will grant Petitioner's motion for a stay of the proceedings pending exhaustion of new claims in the state courts. Because this action will be administratively closed while Petitioner pursues his claims in the state courts, his motion for appointment of counsel will be denied as moot.

An Order consistent with this Opinion will be entered.

Dated: 11/6/2014                                  */s/ R. Allan Edgar*
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE